IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

KATHRYN BUNDA,      )
            )
    Plaintiff,     )   No. C03-3102MWB
            )
  vs.        )
            )
JOHN E. POTTER, Postmaster General, )
            )
    Defendant.   )

JOINT PRELIMINARY AND FINAL INSTRUCTIONS TO THE JURY

_____

TABLE OF CONTENTS

PRELIMINARY INSTRUCTIONS

NO. 1 - PRELIMINARY INSTRUCTIONS

NO. 2 - STATEMENT OF THE CASE

NO. 3 - ELEMENTS OF CLAIMS

   Defendant's submission
   Plaintiff's submission

NO. 4 - BURDEN OF PROOF

NO. 5 - DUTY OF JURORS

NO. 6 - ORDER OF TRIAL

NO. 7 - DEFINITION OF EVIDENCE

NO. 8 - CREDIBILITY OF WITNESSES

NO. 9 - STIPULATED FACTS

NO. 10 - DEPOSITIONS

NO. 11 - INTERROGATORIES

NO. 12 - OBJECTIONS

NO. 13 - BENCH CONFERENCES

NO. 14 - NOTE-TAKING

NO. 15 - CONDUCT OF JURORS DURING TRIAL


FINAL INSTRUCTIONS

NO. 1 - INTRODUCTION

NO. 2 - TESTIMONY OF EXPERTS AND IMPEACHMENT OF WITNESSES

     Defendant's submission
     Plaintiff's submission

NO. 3 - TITLE VII

NO. 4 - ELEMENTS SEXUAL HARASSMENT

     Defendant's submission
     Plaintiff's submission

NO. 5 - UNWELCOME CONDUCT - DEFENDANT

NO. 6 - HARRASSMENT BASED ON SEX - DEFENDANT

NO. 7 - SEVERE AND PERVASIVE  - DEFENDANT

NO. 8 - REASONABLE PERSON - DEFENDANT

NO. 9 - AFFIRMATIVE DEFENSE - DEFENDANT

NO. 10 - PROXIMATE CAUSE - DEFENDANT

NO. 11 - OBJECTIONAL ENVIRONMENT - DEFENDANT

NO. 12 - CONTINUING VIOLATION - DEFENDANT

NO. 13 - ELEMENTS OF RETALIATION - DEFENDANT

      Defendant's submission
      Plaintiff's submission

NO. 14 - ADVERSE EMPLOYMENT ACTION - DEFENDANT

NO. 15 - MOTIVATING FACTOR - DEFENDANT

NO. 16 - SAME DECISION DEFENSE - DEFENDANT

NO. 17 - RETALIATION - DEFENDANT

NO. 18 - BUSINESS JUDGMENT - DEFENDANT

NO. 19 - DAMAGES IN GENERAL - DEFENDANT

      Defendant's submission
      Plaintiff's submission

NO. 20 - COMPENSATORY DAMAGES - DEFENDANT

NO 21 -   EXEMPLARY DAMAGES NOT ALLOWED - DEFENDANT

NO. 22 - DELIBERATIONS - DEFENDANT


VERDICT FORM

      Defendant's submission
      Plaintiff's submission

PRELIMINARY INSTRUCTION NO. 1 - PRELIMINARY INSTRUCTIONS

Members of the jury, before the lawyers make their opening statements, I give you these preliminary instructions to help you better understand the trial and your role in it. Consider these instructions, together with any oral instructions given to you during the trial and the written final instructions given at the end of the trial, and apply them as a whole to the facts of the case. In considering these instructions, the order in which they are given is not important.

8th Cir. Civil Jury Instructions 1.01 (2005)
Modified Judge Mark Bennett

PRELIMINARY INSTRUCTION NO. 2 - STATEMENT OF THE CASE

The following brief summary of the case is not to be considered evidence or proof of any facts or events in the case.  It simply informs you of the factual disputes between the parties.  This is a civil case brought pursuant to Title VII of the Civil Rights Act of 1964, which makes it illegal for an employer to discriminate against an employee on the basis of race, color, religion, sex, or national origin.  It is also illegal for an employer to retaliate against an employee for opposing employment practices which violate Title VII.

The plaintiff in this case is Kathryn Bunda.  Ms. Bunda is employed by the United States Post Office in Fort Dodge as a mail processor.  Ms. Bunda is claiming that from 1999 through November of 2000, that she was subjected to a sexually hostile work environment by Ray Davidson.  Davidson is a  co-employee and also a mail processor.  Ms. Bunda also claims that after June 23, 2000, Davidson retaliated against her for making at least one previous complaint to a supervisor of sexual harassment.

The defendant in this case is John Potter.  Mr. Potter is the Postmaster General of the United States Postal Service.  For the purposes of this case, the defendant will be known as the Post Office.  The Post Office denies Ms. Bunda's claims of hostile work environment and retaliation.

You will be asked to resolve these disputes between the parties.

8TH Cir. Civil Jury Instructions 1.01 (2005)
Modified Judge Mark Bennett

DEFENDANT'S PRELIMINARY INSTRUCTION NO. 3 -

ELEMENTS OF CLAIMS

Plaintiff Kathryn Bunda asserts the following claims against defendant United

States Post Office: (1) sexual harassment; and (2) Retaliation

Ms. Bunda's claims consists of elements, which she must prove by the greater weight of

the evidence if she is to win on those claims. To help you follow the evidence, here is a

brief summary of the elements of Ms. Bunda's claims.

## 1. SEXUAL HARASSMENT

To win her claim of Sexual Harassment by co-worker Ray Davidson, Ms. Bunda must

prove the following elements by the greater weight of the evidence:

*One* , Kathryn Bunda was subject to offensive conduct by Ray Davidson at the United

States Post Office;

*Two*, such conduct was based on Kathryn Bunda's sex;

*Three,* such conduct was unwelcome:

*Four*, at the time such conduct occurred, and as a result of such conduct, Kathryn

Bunda believed her work environment to be hostile or abusive;

*Five*, such conduct was sufficiently severe or pervasive that a reasonable person in

Kathryn Bunda's position would find her work environment to be hostile or abusive;

*Six*, the United States Post Office knew or should have known of the offensive conduct;

and

*Seven*, the United States Post Office failed to take prompt and appropriate corrective

action to end the offensive conduct.

## 2. RETALIATION

Ms. Bunda's second claim is that the Post Office retaliated against her for opposing

sexual harassment. To win her claim of retaliation by co-worker Ray Davidson, Ms. Bunda must prove the following elements by the greater weight of the evidence:

*One* , Kathryn Bunda opposed or complained about conduct she reasonably believed was sexual harassment;

*Two*, the Post Office subsequently took adverse employment action against Kathryn Bunda; and

*Three,* Kathryn Bunda's opposition to or complaints about sexual harassment were a motivating factor for the adverse employment action taken by the Post Office.


**"Same Decision Defense**

If Ms. Bunda proves all of the elements of her "retaliation" claim, then you must consider whether the Post Office has proved, by the greater weight of the evidence, that it would have made the same decision about its actions towards Ms. Bunda or the conditions of her employment regardless of her opposition to or complaints of sexual harassment.

This is only a preliminary outline of the elements of Kathryn Bunda's claims. At the end of the trial, I will give you further final written instructions that explain these claims and the Post Office's defenses. Because the final instructions are more detailed, those instructions govern on the elements of Kathryn Bunda's claims and the Post Office's  defenses.

8th Cir. Civil Jury Instruction 3.04 (2005)
Modified Judge Mark Bennett

PLAINTIFF'S PRELIMINARY INSTRUCTION NO. 3 -
ELEMENTS OF PLAINTIFF'S CLAIM

As I explained during jury selection, Plaintiff Kathryn G. Bunda contends that she was sexually harassed in her work place by her supervisor, Ray Davidson, that she complained about the harassment to her supervisors but they failed to take steps reasonably calculated to stop the harassment, and instead retaliated against her.   Her "sexual harassment" claim consists of "elements," which she must prove by the greater weight of the evidence if she is to win on that claim.  To help you follow the evidence, here is a brief summary of the elements of Ms. Bunda's sexual harassment claim:

*One,* Ms Bunda was subjected to offensive conduct or conditions imposed by Ray Davidson, her supervisor;

*Two,* such conduct was based on Ms. Bunda's sex;

*Three,* such conduct was unwelcome;

*Four,* at the time that such conduct occurred, and as a result of such conduct, Mr. Bunda believed her work environment to be hostile or abusive;

*Five,* such conduct was sufficiently severe or pervasive that a reasonable person in Ms. Bunda's position would find her work environment hostile or abusive.

*Six,* the United States Postal Service knew or should have known of the harassment;

*Seven,* the United States Postal Service failed to take prompt and appropriate corrective action to end the harassment;

*Eight,* when Ms. Kathryn G. Bunda complained to Mr. Davidson's supervisors, she was disciplined; and

*Nine,* Ms. Kathryn G. Bunda's complaint of sex harassment played a part in Defendant's decision to discipline her.

PRELIMINARY INSTRUCTION NO. 4 - BURDEN OF PROOF

In these instructions, you are told that your verdict depends on whether you find certain facts have been proved.  The burden of proving a fact is upon the party whose claim depends upon that fact.  In this case, facts must be proved by the "greater weight of the evidence."  To prove something by the greater weight of the evidence is to prove that it is more likely true than not true.  It is determined by considering all of the evidence and deciding which evidence is more believable.  If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

The "greater weight" of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.  The testimony of a single witness that produces in your mind a belief in the likelihood of truth is sufficient for proof of any fact and would justify a verdict in accordance with such testimony.  This is so, even though a number of witnesses may have testified to the contrary, if after consideration of all of the evidence in the case, you hold a greater belief in the accuracy and reliability of that one witness.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard which applies in criminal cases.  It does not apply in civil cases such as this.  You should, therefore, put it out of your minds.

8th Cir. Civil Jury Instruction 3.04 (2005)
Modified Judge Mark Bennett

PRELIMINARY INSTRUCTION NO. 5 - DUTY OF JURORS

It will be your duty to decide from the evidence what the facts are.  You, and you alone, are the judges of the facts.  You will hear the evidence, decide what the facts are and then apply those facts to the law which I will give you in these preliminary instructions, any instructions given during the trial, and in the final instructions at the conclusion of the case.  You will then deliberate and reach your verdict.  You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the parties.  Do not allow sympathy or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I will give it to you.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  In this case, the United States Post Office is a government agency.  The mere fact that John Potter is the Post Office General and represents the United States Post Office and not a "real" individual, does not mean that the government is entitled to any greater or lesser consideration by you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

8th Cir. Civil Jury Instruction 1.05 (2005)
Modified Judge Mark Bennett

PRELIMINARY INSTRUCTION NO. 6 - ORDER OF TRIAL

The trial will proceed in the following order:

After I conclude these preliminary instructions, the plaintiff's lawyer may make an opening statement.  Next, the defendant's lawyer may make an opening statement.  An opening statement is not evidence, but is simply a summary of what the lawyers expect the evidence to be.

The plaintiff will then present evidence and witnesses and the defendant may cross-examine.  Following the plaintiff's case, the defendant may present evidence and witnesses and the plaintiff may cross-examine.  Following the defendant's case, the plaintiff may take a further opportunity to present additional evidence.

After the evidence is concluded, I will give you the final instructions on the law that you are to apply in reaching your verdict.  The lawyers will then make their closing arguments to summarize and interpret the evidence for you.  As with opening statements, closing arguments are not evidence.  I will then give you some final instructions on deliberations, and you will retire to deliberate on your verdict.

8th Cir. Civil Jury Instruction 1.06 (2005)
Modified Judge Mark Bennett

PRELIMINARY INSTRUCTION NO. 7 - DEFINITION OF EVIDENCE

You shall base your verdict only upon the evidence, these instructions, and other instructions that I may give you during the trial.

Evidence is:

1. Testimony in person or testimony previously given, which includes depositions or videotaped depositions.

2. Exhibits admitted into evidence by the court.

3. Stipulations, which are agreements between the parties.

4. Any other matter admitted into evidence.

Evidence may be direct or circumstantial. You should not be concerned with these terms since the law makes no distinction between the weight to be given to direct and circumstantial evidence. The weight to be given any evidence is for you to decide.

The following are not evidence:

1. Statements, arguments, questions, and comments by the lawyers.

2. Objections and rulings on objections.

3. Testimony I tell you to disregard.

4. Anything you saw or heard about this case outside the courtroom.

You should not take anything I may say or do during the trial as indicating what I think of the evidence.

8th Cir. Civil Jury Instruction 1.02 (2005)
Modified Judge Mark Bennett

PRELIMINARY INSTRUCTION NO. 8 - CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, the motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony, and the extent to which their testimony is consistent with other evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent mis-recollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

You may hear testimony from persons described as experts.  Persons who have become experts in a field because of their education and experience may give their opinions on matters in that field and the reasons for their opinions.  Consider expert testimony just like any other testimony.  You may accept it or reject it.  You may give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Also, an expert witness may be asked to assume certain facts are true and to

give an opinion based on that assumption.  This is called a hypothetical question.  If any facts assumed in the question are not proved by the evidence, you should decide if that omission affects the value of the expert's opinion.

PRELIMINARY INSTRUCTION NO. 9 - STIPULATED FACTS

The plaintiff and defendant have agreed or "stipulated" to certain facts and have reduced these facts to a written agreement or stipulation.  Any counsel may, throughout the trial, read to you all or a portion of the stipulated facts.  You should treat these stipulated facts as having been proved.

8th Cir. Civil Jury Instruction 2.02 (2005)
Modified Judge Mark Bennett

PRELIMINARY INSTRUCTION NO. 10 - DEPOSITIONS


Certain testimony from a deposition may be read into evidence. A deposition is testimony taken under oath before the trial and preserved in writing. Consider that testimony as if it had been given in court.

8th Cir. Civil Jury Instruction _____ (2005)
Modified Judge Mark Bennett

PRELIMINARY INSTRUCTION NO. 11 - INTERROGATORIES

During this trial, you may hear the word "interrogatory."  An interrogatory is a written question asked by one party of another, who must answer it under oath in writing.  Consider interrogatories and the answers to them as if the questions had been asked and answered here in court.

8th Cir. Civil Jury Instruction _____ (2005)
Modified Judge Mark Bennett

PRELIMINARY INSTRUCTION NO. 12 - OBJECTIONS

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers.  It is the duty of the lawyer for each party to object when another party offers testimony or other evidence that the lawyer believes is not properly admissible.  You should not show prejudice against a lawyer or the party the lawyer represents because the lawyer has made objections.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other.  Also, if I sustain an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question itself.

8th Cir. Civil Jury Instruction _____ (2005)
Modified Judge Mark Bennett

PRELIMINARY INSTRUCTION NO. 13 - BENCH CONFERENCES

During the trial it may be necessary for me to talk with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.

8th Cir. Civil Jury Instruction _____(2005)
Modified Judge Mark Bennett

PRELIMINARY INSTRUCTION NO. 14 - NOTE-TAKING

If you want to take notes during the trial, you may.  However, it is difficult to take detailed notes and pay attention to what the witnesses are saying.  If you do take notes, be sure that your note-taking does not interfere with listening to and considering all of the evidence.  Also, if you take notes, do not discuss them with anyone before you begin your deliberations.  Do not take your notes with you at the end of the day.  Be sure to leave them on your chair in the courtroom.  The court attendant will safeguard the notes.  No one will read them.  The notes will remain confidential throughout the trial and will be destroyed at the conclusion of the trial.

If you choose not to take notes, remember it is your own individual responsibility to listen carefully to the evidence.  You cannot give this responsibility to someone who is taking notes.  We depend on the judgment of all members of the jury; you must all remember and consider the evidence in this case.

Whether or not you take notes, you should rely on your own memory regarding what was said. Your notes are not evidence. A juror's notes are not more reliable than the memory of another juror who chooses to consider the evidence carefully without taking notes.  You should not be overly influenced by the notes.

You will notice that we do have an official court reporter making a record of the trial.  However, we will not have typewritten transcripts of this record available for your use in reaching your verdict.

8th Cir. Civil Jury Instruction _____ (2005)
Modified Judge Mark Bennett

PRELIMINARY INSTRUCTION NO. 15 - CONDUCT OF JURORS
DURING TRIAL

You will not be required to remain together while court is in recess.  However, to ensure fairness, you, as jurors, must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

Second, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

Third, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me.  If someone should try to talk to you about the case during the trial, please report it to me.

Fourth, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case--you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  If a person from one side of the lawsuit sees you talking to a person from the other side--even if it is simply to pass the time of day--an unwarranted and unnecessary suspicion about your fairness might be aroused.  If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you either.

Fifth, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

Sixth, do not do any research or make any investigation about the case on your own.

Seventh, do not make up your mind during the trial about what the verdict should be.  Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

DATED this _____ day of November, 2005.


_____

Mark W. Bennett

U.S. District Court Judge


8th Cir. Civil Jury Instruction 1.05 (2005)
Modified Judge Mark Bennett

FINAL INSTRUCTION NO. 1 - INTRODUCTION

Members of the jury, the instructions I gave you at the beginning of the trial and any oral or written instructions I gave you during the trial remain in effect.  I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.  You must not single out some instructions and ignore others, because all are important. The instructions I am about to give you now, as well as the preliminary instructions given to you at the beginning of the trial, are in writing and will be available to you in the jury room.  All instructions, whenever given and whether in writing or not, must be followed.  This is true even though some of the instructions I gave you at the beginning of the trial are not repeated here.

In considering these instructions, the order in which they are given is not important.

Neither in these instructions nor in any ruling, action, or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

8th Cir. Civil Jury Instruction _____ (2005)
Modified Judge Mark Bennett

DEFENDANT'S FINAL INSTRUCTION NO. 2 - TESTIMONY OF EXPERTS
AND IMPEACHMENT OF WITNESSES

In Preliminary Instruction No. _____, I instructed you generally on the credibility of witnesses. However, I must now give you some further instructions on the testimony of "experts" and how the credibility of witnesses can be "impeached."

Ordinarily, witnesses may only testify to factual matters within their personal knowledge. However, you have heard evidence from persons described as experts. Persons may become qualified as experts in some field by knowledge, skill, training, education, or experience. Such experts may state their opinions on matters in that field and may also state the reasons for their opinions. You should consider expert testimony just like any other testimony. You may believe all of what an expert says, only part of it, or none of it, considering the expert's qualifications, the soundness of the reasons given for the opinion, the acceptability of the methods used, any reason the expert may be biased, and all of the other evidence in the case.

Any witness may be discredited or "impeached" by contradictory evidence; by a showing that the witness testified falsely concerning a material matter; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony. If earlier statements of a witness were admitted into evidence, they were not admitted to prove that the contents of those statements were true. Instead, you may consider those earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness, and, therefore, whether they affect the credibility of that witness.

If you believe that a witness has been discredited or impeached, it is your exclusive right to give that witness's testimony whatever weight you think it deserves.

42 U.S.C. Section 2000e-2(a)(1)

PLAINTIFF'S PROPOSED FINAL INSTRUCTION NO. 2 -

IMPEACHMENT OF WITNESSES

In Preliminary Instruction No. 7, I instructed you on the credibility of witnesses. I now give you this further instruction on how the credibility of a witness can be "impeached."

A witness may be discredited or impeached by contradictory evidence; by showing that witness testified falsely concerning a material matter;  or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.    If earlier statements of a witness were admitted into evidence, they were not admitted to prove that the contents of those statements were true.  Instead, you may consider those earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness, and, therefore, whether they affect the credibility of that witness.

If you believe any witness has been discredited or impeached, it is your exclusive right  to give that witness's testimony whatever weight you think it deserves.

FINAL JURY INSTRUCTION NO. 3 -TITLE VII

The plaintiff brings this action under Title VII of the Civil Rights Act of 1964. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

42 U.S.C. §  2000e-2(a)(1);

DEFENDANT'S FINAL INSTRUCTION NO. 4 -
ELEMENTS SEXUAL HARASSMENT

Ms. Bunda's first claim is that she was subjected to sexual harassment by co-employee Ray Davidson, which was sufficiently severe to create a sexually hostile work environment. For Ms. Bunda to win on her claim of sexual harassment, she must prove all the following elements by the greater weight of the evidence:

*One*, Kathryn Bunda was subjected to offensive conduct by male co-worker Ray Davidson.

*Two*, such conduct was based on Kathryn Bunda's sex.

*Three*, such conduct was unwelcome.

*Four*, at the time such conduct occurred, and as a result of such conduct, Kathryn Bunda believed her work environment to be hostile or abusive.

*Five*, such conduct was sufficiently severe or pervasive that a reasonable person in Kathryn Bunda's position would find her work environment to be hostile or abusive.

*Six*, the Post Office knew or should have known of the offensive conduct.

*Seven*, the Post Office failed to take prompt and appropriate corrective action to end the offensive conduct.

Unless Ms. Bunda proves *all* of these elements by the greater weight of the evidence, your verdict must be for the Post Office on Ms. Bunda's claim of sexual harassment. However, if you find that Ms. Bunda has proved *all* of these elements by the greater weight of the evidence, then she is entitled to damages in some amount on her claim of sexual harassment.

8th Cir. Civil Jury Instruction 5.43
Baker v. John Morrell, 266 F. Supp 2d 909 (ND Iowa 2003)
  PLAINTIFF'S PROPOSED FINAL INSTRUCTION NO. 4 - SEXUAL HARASSMENT

Plaintiff, Kathryn G. Bunda, contends that she was sexually harassed in her work place by Ray Davidson; that she complained about the harassment to Mr. Davidson's supervisors, and that they failed to take steps reasonably calculated to stop the harassment.  To win on her claim of "sexual harassment," Ms. Kathryn G. Bunda must prove each of the following elements by the greater weight of the evidence:

*One,* Ms. Kathryn G. Bunda was subjected to offensive conduct or conditions imposed by Ray Davidson.   Ms. Kathryn G. Bunda alleges that Ray Davidson harassed her in one or more of the following ways:

(1)    Pinch her buttocks three times.

(2)    Patted her buttocks many times.

(3)    Grabbed her buttocks stating "I can't resist your nice butt."

(4)    Stalked her.

(5)    Made sexual comments to her.

(6)    Poked her in the ribs.

(7)    Rubbed up against her buttocks, or positioned himself in such a way that to get past him while performing her duties  Ms. Bunda would have to rub against him.

(8)    Tickled her thigh.

*Two,* such conduct was based on Ms. Bunda's sex.

Harassing conduct constitutes discrimination based on sex when members of one sex are exposed to conditions of employment to which members of the other sex are not exposed.  The harassment need not be explicitly sexual in nature, nor must the Plaintiff show that only women were subjected to harassment.  However, she must prove by the greater weight of the evidence that women were the primary target of such harassment, that is, that a majority of Mr. Davidson's harassing conduct was directed toward

females.

*Three,* such conduct was unwelcome.

Conduct is "unwelcome" if the Plaintiff did not solicit or invite the conduct and regarded the conduct as undesirable or offensive.

*Four,* at the time such conduct occurred, and as a result of such conduct, Ms. Kathryn G. Bunda believed her work environment to be hostile or abusive.

The victim must in fact perceive the environment to be hostile and abusive.

*Five,* such conduct was sufficiently severe or pervasive that a reasonable person in Ms. Kathryn G. Bunda's position would find her work environment hostile or abusive.

The objectionable environment must be both one that the Plaintiff found hostile and abusive, and one that a reasonable person in her position would have found to be so.  Whether an environment is sufficiently hostile or abusive must be determined by looking at all the circumstances, including the frequency of the discriminatory conduct; the status of the alleged harasser, e.g. a supervisor's harassment is more severe than harassment by a "co-equal"; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.  However, no single factor is required in order to find a work environment hostile or abusive.  Federal anti-harassment law does not prohibit genuine but innocuous differences in the ways men and women routinely interact with members of the same sex and the opposite sex.   Therefore, simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to sexual harassment in the form of creation of a hostile environment.

 If Ms. Kathryn G. Bunda has failed to prove all five of these 3 elements by the greater weight of the evidence, your verdict must be for the United States Postal

Service on Ms. Bunda's claim of sexual harassment.  However, if you find that Ms. Bunda has proved all five of these elements by the greater weight of the evidence; then she is entitled to damages in some amount on her claim of sexual harassment.

_____

In general, these instructions are taken from the 2002 Instructions in *Erickson-Puttmann v. Woodbury County;*

8th Circuit Manual of Jury Instructions, (Civil) 5.42;

*Steck* v. *Francis*, 365 F. Supp. 2d 951 (N.D. Iowa 2005) relative to the "sliding scale" used in analysis of supervisor harassment.

DEFENDANT'S FINAL INSTRUCTION NO. 5 - UNWELCOME CONDUCT

Conduct is "unwelcome" if the plaintiff did not solicit or invite the conduct and regarded the conduct as undesirable or offensive.

8th Circuit Model Jury Instruction 5.43, Notes on use #4.

DEFENDANT'S FINAL INSTRUCTION NO. 6 -

HARASSMENT BASED ON SEX

An offensive workplace atmosphere does not amount to unlawful sex discrimination unless the harassment is based on plaintiff's sex. The fundamental issue is whether members of the one sex are subjected to unfavorable conditions of employment that the members of the other sex are not.

*Duncan v. General Motors Corp.,* 300 F.3d 928, 933 (8th Cir. 2002)

DEFENDANT'S FINAL INSTRUCTION NO. 7 - SUFFICIENTLY
SEVERE AND PERVASIVE

To prevail on her harassment claims, plaintiff must prove, by a preponderance of the evidence, that the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.

In determining whether a reasonable person in plaintiff's circumstances would find her work environment to be hostile or abusive you must look at all the circumstances. These circumstances may include: the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; whether it unreasonably interferes with an employee's work performance; the physical proximity of the harassed; and the presence or absence of other people. No single factor is required in order to find a work environment hostile or abusive.

The law governing discrimination does not create a claim for all unpleasant or abusive behavior in the workplace; it is not a general civil code and does not apply to the normal tribulations of the workplace.

*Harris v. Forklift Sys. Inc.*, 510 U.S. 17, 21 (1993); *Mems v. City of St. Paul*, 327 F.3d 771, 718-82 (8th Cir. 2003)

DEFENDANT'S FINAL INSTRUCTION NO. 8 -

HOSTILE WORK ENVIRONMENT - REASONABLE PERSON

In determining a whether a hostile work environment existed, you must consider the evidence from the perspective of a reasonable person.  This is an objective standard and requires you to look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances.

O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 171.45 (5TH Ed. 2001)

DEFENDANT'S FINAL INSTRUCTION NO. 9 - AFFIRMATIVE DEFENSE

Your verdict must be for defendant on plaintiff's claim of sexual harassment if the defendant has proved by a preponderance of the evidence that (a) defendant exercised reasonable care to prevent and correct promptly any harassing behavior; and (b) that plaintiff unreasonable failed to take advantage of preventive or corrective opportunities provided by defendant.

Eighth Circuit Civil Model Jury Instructions § 5.42(A) (2001)

DEFENDANT'S FINAL INSTRUCTION NO. 10 - PROXIMATE CAUSE

An injury or damage is proximately caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

Thus, an injury or harm to the plaintiff which is not proximately caused by sexual harassment does not entitle plaintiff to damages.

O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 171.62 (5th Ed. 2001)

DEFENDANT'S FINAL INSTRUCTION NO. 11 - OBJECTIONABLE  ENVIRONMENT

The objectionable environment must be both one that the plaintiff found hostile or abusive, and one that a reasonable person in her position would have found to be so. Whether an environment is sufficiently hostile or abusive must be determined by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. However, no single factor is required in order to find a work environment hostile or abusive. Federal anti-harassment law does not prohibit genuine but innocuous differences in the ways men and women routinely interact with members of the same sex and of the opposite sex. Therefore, simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to sexual harassment in the form of creation of a hostile environment. Similarly, conduct that is boorish, chauvinistic, unpleasant, rude, and immature may not be enough; rather, such conduct must be sufficiently severe or pervasive that a reasonable person in Kathryn Bunda's position would find the work environment to be hostile or abusive.

Baker v. John Morrell, 266 F. Supp 2d 909 (ND Iowa 2003)

DEFENDANT'S FINAL INSTRUCTION NO. 12 - CONTINUING VIOLATION


Kathryn Bunda is a federal employee.  In order to protect her rights, she is required to notify the  Equal Employment Opportunity Commission, also known as the EEO, within 45 days of any alleged discriminatory or harassing conduct.  This is called a statute of limitations. If Ms. Bunda  brings her  claim to the EEO outside the 45 day limitations period, then her claim for sexual harassment is  time-barred. Ms. Bunda contacted an  EEO counselor on August 7, 2000. Thus, Ms. Bunda may not recover for any harassment that occurred before June 23, 2000, unless you find by the preponderance of the evidence:

1.  That after June 23, 2000, Ms. Bunda was subject to hostile or abusive act or acts based on her sex by Ray Davidson.

2. This "act" or "acts" were part of the same actionable hostile work environment.


National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 122 S. Ct. 2016, 2073, 153 L. Ed. 2d 106 (2002)

 *Rowe v. Hussman*, 381 F.3d 775 (8th Cir. 2004)

DEFENDANT'S FINAL INSTRUCTION NO. 13 - ELEMENTS OF RETALIATION

Ms. Bunda's second claim is that the Post Office retaliated against her for opposing sexual harassment.

*Elements*

To win her claim of retaliation, Ms. Bunda must prove the following elements by the greater weight of the evidence:

*One*, Kathryn Bunda opposed or complained about conduct that she reasonably believed was sexual harassment prohibited by Title VII.

*Two*, The Post Office subsequently took adverse employment action against Kathryn Bunda that had a substantial and material effect on her employment.

*Three*, Kathryn Bunda's opposition to or complaints about sexual harassment were a motivating factor for the adverse employment action taken by the Post Office.

Unless Ms. Bunda proves *all* of these elements by the greater weight of the evidence, your verdict must be for the Post Office on Ms. Bunda's claim of retaliation. However, if you find that Ms. Bunda has proved *all* of these elements by the greater weight of the evidence, you must consider whether the Post Office has proved its "same decision" defense.

Baker v. John Morrell, 266 F. Supp 2d 909 (ND Iowa 2003)

PLAINTIFF'S FINAL INSTRUCTION NO. 13 - RETALIATION

Ms. Bunda's second claim is that the Post Office retaliated against her for opposing sexual harassment.

*Elements*

To win her claim of retaliation, Ms. Bunda must prove the following elements by the greater weight of the evidence:

*One*, Kathryn Bunda opposed or complained about conduct that she reasonably believed was sexual harassment prohibited by Title VII.

*Two*, The Post Office subsequently took adverse employment action against Kathryn Bunda that had a substantial and material effect on her employment.

*Three*, Kathryn Bunda's opposition to or complaints about sexual harassment [were a motivating factor][played a part]  for the adverse employment action taken by the Post Office.

Unless Ms. Bunda proves *all* of these elements by the greater weight of the evidence, your verdict must be for the Post Office on Ms. Bunda's claim of retaliation. However, if you find that Ms. Bunda has proved *all* of these elements by the greater weight of the evidence, you must consider whether the Post Office has proved its "same decision" defense.

**Plaintiff requests "played a part" language**

**Defendant requests "were a motivating factor" language**

Baker v. John Morrell, 266 F. Supp 2d 909 (ND Iowa 2003).

DEFENDANT'S FINAL INSTRUCTION NO. 14 - ADVERSE

EMPLOYMENT ACTION

Not everything that makes an employee unhappy is an "adverse employment action" sufficient to prove a retaliation claim. Rather, an "adverse employment action" must be more disruptive than a mere inconvenience, alteration of job responsibilities, or change in duties and working conditions that causes no materially significant disadvantage. Thus, an adverse employment action consists of the kind of serious employment consequences that adversely affect or undermine the employee's position, even if the employee is not discharged, demoted, or suspended. You may also consider the cumulative effect of the employer's actions to determine whether the employer's allegedly retaliatory actions amounted to sufficiently adverse employment action, rather than determining whether any individual action upon which the claim in question relies was sufficiently adverse.

Baker v. John Morrell, 266 F. Supp 2d 909 (ND Iowa 2003)

DEFENDANT'S FINAL INSTRUCTION NO. 15 -

"MOTIVATING FACTOR"

Kathryn Bunda's (1) opposition to sexual harassment or (2) sex was a "motivating factor" if her opposition to sexual harassment or her sex played a part or played a role in the Post Office's decisions. However, the plaintiff's opposition to sexual harassment or her sex need not have been the only reason for those employment decisions.

You may find that Ms. Bunda's opposition to sexual harassment or her sex was a motivating factor in the Post Office adverse employment decisions if Ms. Bunda has proved by the greater weight of the evidence that the Post Office stated reasons for its decisions are not the true reasons, but are instead a pretext to hide a retaliatory decision. However, you cannot find that the "motivating factor" element of a retaliation claim has been proved simply because you disagree with the Post Office decisions, or think that those decisions were harsh and unreasonable. Instead, the "motivating factor" element is only proved if you find by the greater weight of the evidence that Ms. Bunda's *opposition to sexual harassment*, in the case of her retaliation claim was a motivating factor for the Post Office adverse employment action.

Baker v. John Morrell, 266 F. Supp 2d 909 (ND Iowa 2003)

DEFENDANT'S FINAL INSTRUCTION NO. 16 -

SAME DECISION DEFENSE

If Ms. Bunda proves all of the elements of her "retaliation" claim, then you must

consider whether the Post Office has proved, by the greater weight of the evidence, that

it would have made the same decision about its actions towards Ms. Bunda or the

conditions of her employment regardless of her opposition to sexual harassment. If the

Post Office proves this defense, then you must enter your verdict in favor of the

defendant.

Baker v. John Morrell, 266 F. Supp 2d 909 (ND Iowa 2003)

DEFENDANT'S FINAL INSTRUCTION NO. 17 - RETALIATION

Federal anti-discrimination law makes it unlawful for an employer to discriminate against an employee because of the employee's "opposition" to conduct or employment practices made unlawful under that law. Ms. Bunda *alleges* that she opposed sexual harassment by protesting Davidson's treatment of her to her supervisor, June Martindale. The plaintiff must also prove that a reasonable person could have believed that the incidents about which she complained violated federal anti-discrimination law. In deciding whether a reasonable person could have believed that the incidents about which Ms. Bunda complained violated federal anti-discrimination law, you must determine whether the conduct and resulting environment were sufficiently sexually hostile or abusive by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.

Montandon v. Farmland Industries, Inc.  116 F.2d 355, 359 (8th Cir.  1997)

Baker v. John Morrell, 266 F. Supp 2d 909 (ND Iowa 2003)

DEFENDANTS FINAL INSTRUCTION NO. 18 - BUSINESS JUDGMENT

You may not return a verdict for plaintiff just because you might disagree with defendant's decision or believe it to be harsh or unreasonable.  An employer may suspend or otherwise adversely affect an employee for any other reasons, good or bad, fair or unfair.

The fact that an employment decision may be an erroneous decision, a decision based on poor administration or bad policy, one based on poor communication or lack of study, or even one based on pesonal dislike or animosity does not constitute unlawful discrimination unless retaliation is a determining factor in the decision to suspend Plaintiff.

Manual of Model Civil Jury Instruction for the Eighth Circuit, § 5.94

DEFENDANT'S FINAL INSTRUCTION NO. 19 - DAMAGES - IN GENERAL

The fact that I am instructing you on the proper measure of damages should not be considered as an indication that I have any view as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given only for your guidance in the event that you should find that the plaintiff is entitled to damages in accord with the other instructions.

If you find in favor of Kathryn Bunda on one or more of her claims, as explained in Final Jury Instruction No. ___, then you must award her such sum as you find by the greater weight of the evidence will fairly and justly compensate her for any damages that you find were proximately caused to her by the wrongful conduct at issue on that claim. An act is a proximate cause of damage if the act was a substantial factor in producing the damage and the damage would not have happened except for the act. A substantial act means that the act had such an effect in producing damage as to lead a reasonable person to regard it as a cause of the damage.

In arriving at an amount of damages, you cannot establish a figure by taking down the estimate of each juror as to damages and agreeing in advance that the average of those estimates shall be your award of damages. Rather, you must use your sound judgment based upon an impartial consideration of the evidence.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture. You must not award damages under these Instructions by way of punishment or through sympathy. Your judgment must not be exercised arbitrarily, or out of sympathy or prejudice, for or against any of the parties.

You must award the full amount of damages that the plaintiff has proved by the

greater weight of the evidence. However, the amount you assess for damages must not exceed the amount proximately caused by the wrongful conduct of the defendant as proved by the evidence.

(a)     *A plaintiff has a duty under the law to "mitigate" her damages--that is, to exercise reasonable* diligence under the circumstances to minimize her damages. Therefore, if you find that The Post Office has proved by the greater weight of the evidence that Ms. Bunda failed to seek out or take advantage of an opportunity to reduce her damages that was reasonably available to her, then you must reduce her damages by the amount that she reasonably could have avoided if she had sought out or taken advantage of such an opportunity.

Attached to these Instructions is a verdict form, which you must fill out. In the Damages section of the verdict form, you should only award those damages, if any, that the plaintiff has proved by the greater weight of the evidence were proximately caused by the wrongful conduct of the defendant.

8th Cir. Civil Jury Instruction _____ (2005)
Baker v. John Morrell, 266 F. Supp 2d 909 (ND Iowa 2003)

PLAINTIFF'S PROPOSED FINAL INSTRUCTION NO. 19 -
DAMAGES--IN GENERAL

The fact that I am instructing you on the proper measure of damages should not
be considered as an indication that I have any view as to which party is entitled to your
verdict in this case. Instructions as to the measure of damages are given only for your
guidance in the event that you should find that Plaintiff is entitled to damages in accord
with the other instructions.

If you find that the Plaintiff is entitled to damages on her claim, then you must
award her such sum as you find by the greater weight of the evidence will fairly and
justly compensate her for any damages you find were proximately caused to her by the
wrongful conduct of the Defendant. An act is a "proximate cause" of damage if the act
was a substantial factor in producing the damage and the damage would not have
happened except for the act. "Substantial" means that the act had such an effect in
producing damage as to lead a reasonable person to regard it as a cause of the
damage.

In arriving at an item of damage, you cannot establish a figure by taking down the
estimate of each juror as to that item of damages and agreeing in advance that the
average of those estimates shall be your award of damages. Rather, you must use
your sound judgment based upon an impartial consideration of the evidence.

Remember, throughout your deliberations, you must not engage in any
speculation, guess, or conjecture. You must not award damages under these
Instructions by way of punishment or through sympathy. Your judgment must not be
exercised arbitrarily, or out of sympathy or prejudice, for or against any of the parties.

You must award the full amount of damages that the Plaintiff has proved by the greater weight of the evidence.   However, the amount you assess for damages must not exceed the amount caused by the wrongful conduct of the Defendant as proved by the evidence.

Attached to these Instructions is a Verdict Form, which you must fill out.   In the "Damages" section of the verdict for each of the Plaintiff's claims, you should only award damages, if any, that the Plaintiff has proved by the greater weight of the evidence.

DEFENDANT'S FINAL INSTRUCTION NO.20 -
COMPENSATORY DAMAGES

If you find in favor of Kathryn Bunda on one or more of her claims, and you find that the Post Office has failed to prove its same decision defense, then you must award Kathryn Bunda such sum as you find by the greater weight of the evidence will fairly and justly compensate her for damages, if any, that you find were proximately caused by the Post Office's wrongful conduct.  Kathryn Bunda seeks compensatory damages on her claims for emotional distress and medical expenses. You must consider each of these kinds of damages separately for each claim.

**1. *Emotional distress damages.*** Ms. Bunda seeks damages for "emotional distress." Damages for emotional distress are the amount of damages that will reasonably compensate Ms. Bunda for the emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life that was proximately caused by the wrongful conduct of the defendant at issue in a particular claim. Damages for emotional distress must compensate Ms. Bunda for any emotional distress that she suffered from the time of the wrongful conduct until the time you give your verdict. The amount, if any, that you assess for damages for emotional distress cannot be measured by an exact or mathematical standard, and the plaintiff is not required to introduce evidence of the monetary value of such damages. However, you must use your sound judgment based upon an impartial consideration of the evidence to determine the amount of such damages.

Ms. Bunda seeks emotional distress damages for the harassment or retaliation alleged in the claim in question. You may award the same or different amounts, if any, for emotional distress damages for harassment or retaliation.

Emotional distress damages proximately caused by *harassment or retaliation* are damages for emotional distress proximately caused by the defendant's unlawful conduct at issue in the claim alleging such wrongful conduct.

You may award damages for future emotional distress only if you find that the plaintiff's emotional distress proximately caused by the defendant's wrongful conduct is reasonably certain to extend into the future.

***Medical expenses***. Ms. Bunda also seeks damages for past and future medical expenses proximately caused by the wrongful conduct of the Post Office. You may award damages for future medical expenses only if you find that the plaintiff's medical expenses proximately caused by the defendant's wrongful conduct are reasonably certain to extend into the future. Do not reduce any damages you may award for medical expenses by the amount paid by insurance, if any; instead, award the full amount of any such damages.

8th Cir. Civil Jury Instruction _____ (2005)
Modified Judge Mark Bennett
Baker v. John Morrell, 266 F. Supp 2d 909 (ND Iowa 2003)

DEFENDANT'S FINAL INSTRUCTION NO. 21 -
EXEMPLARY DAMAGES NOT ALLOWABLE

You may not include in any award of damages to the plaintiff any exemplary damages that you might add to punish the defendant or to make an example of the defendant for the public good or to prevent other wrongdoing.  Those damages would be punitive rather than compensatory.  The law in this case does not authorize exemplary damages in this action.

FINAL INSTRUCTION NO. 22
DELIBERATIONS

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First* , when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second* , it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment. Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors. Do not be afraid to change your opinions if the discussion persuades you that you should, but do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third* , if you need to communicate with me during your deliberations, you may send a note to me through the Court Security Officer, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. *Remember that you should not tell anyone  including me how your votes stand numerically.*

*Fourth* , your verdict must be based solely on the evidence and on the law which I have

given to you in my instructions. Nothing I have said or done is intended to suggest what your verdict should be  that is entirely for you to decide.

*Finally* , I am giving you the verdict form. A verdict form is simply the written notice of the decision that you reach in this case. *Your verdict must be unanimous.* You will take the verdict form to the jury room. When you have reached a unanimous verdict, your foreperson must complete one copy of the verdict form and all of you must sign that copy to record your individual agreement with the verdict and to show that it is unanimous. The foreperson must bring the signed verdict form to the courtroom when it is time to announce your verdict. When you have reached a verdict, the foreperson will advise the Court Security Officer that you are ready to return to the courtroom.

**DATED** this ___th day of _____, 2005.

8TH Cir. Civil Jury Inst. 3.06 (2005)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

KATHRYN BUNDA,                              )
                                           )
          Plaintiff,                       )          No. C03-3102mwb
                                           )
     vs.                                   )
                                           )          DEFENDANT'S VERDICT
JOHN E. POTTER,                            )          FORM
                                           )
          Defendant.                       )

## PART I: LIABILITY

On the claims of plaintiff Kathryn Bunda we, the Jury, find as follows:

We the Jury, find as follows:

## SECTION 1: SEXUAL HARASSMENT

**Step 1**: **Continuing Violation**
    **a.  "Timely Act of Harassment"** In regard to Ms. Bunda's claim of sexual harassment/hostile work environment as defined in Final Jury Instruction _____, did Ms. Bunda prove that after June 23, 2000, Ray Davidson committed an act or act of harassment  on the basis or her sex.
_____yes
_____no
    If you answered no to this question, you may  proceed to **SECTION 2:**
    **b.  Were these act(s) of harassment part of the same actionable hostile work environment.**
_____yes
_____No

 **Retaliation.**
**b.**  Was this act of harassment based on sex occurring after June 23, 2000, connected to Davidson's pinching of Ms. Bunda in July of 1999?
_____Yes

_____no

If you answered Yes, proceed to **Step 2: Liability**.

**2. Liability**

      On the claim of sexual harassment, as explained in Final Jury Instruction No. __ in whose favor do you find? (*Your verdict will be for Ms. Bunda if she has proved all of the elements of her claim. Your verdict will be for the Postmaster if she failed to prove each and every element of her claim*)

_____ Ms. Bunda

_____The Post Office

## SECTION 2: RETALIATION VERDICT

**Step 1:**

**Liability**     **(a) Proof of elements**. Has Ms. Bunda proved all of the elements of her claim of retaliation for opposing sexual harassment, as explained in Final Jury Instruction No. 5? (*Unless Ms. Bunda has proved all of the elements of her retaliation claim, you must enter your verdict at step 1(c) in favor of the Post Office.*)

_____ Yes

_____ No

     **(b) Proof of defense**. Has the Post Office proved its "same decision" defense? (*If the Post Office has proved its "same decision" defense, your verdict must be in favor of Post Office.*)

_____ Yes

_____ No

     **(c) Verdict**. On the claim of retaliation, as explained in Final Jury Instruction No. ___ in whose favor do you find? (*Your verdict will be for Ms. Bunda if she has proved all of the elements of her claim and the Post Office has failed to prove its "same decision" defense; otherwise, your verdict must be for the Post Office on this claim.*)

_____ Ms. Bunda

_____ The Post Office

**PART 3:**    If you have found in favor of plaintiff Kathryn Bunda on one or more of her claims, then continue with Part II of this Verdict Form to award damages on the claim or claims on which she has prevailed. However, if you found in favor of defendant Post Office on *all* of Ms. Bunda's claims, do not complete Part II of this Verdict Form. Instead, sign the Verdict Form and notify the Court Security Officer that you have reached a

verdict.

**PART II: DAMAGES**

On the claim or claims on which plaintiff Kathryn Bunda has prevailed, we, the Jury, award damages as follows:

**COMPENSATORY DAMAGES**

(*Please see Final Jury Instruction No. ____.*)

**AMOUNT**

**Step 1:**

Emotional distress damages

(a) for wrongful conduct

> **Sexual harassment**
>
> > Past emotional distress    $_____
> >
> > Future emotional distress    $_____
>
> **Retaliation**
>
> Past emotional distress    $_____
>
> Future emotional distress    $_____
>
> > $_____

**Step 2:**

**Medical expenses**    **Sexual harassment**    Past medical expenses

$_____

> Future medical expenses    $_____
>
> **Retaliation**    Past medical expenses    $_____
>
> Future medical expenses    $_____

**Date**: _____ **Time**:


Foreperson    _____


Juror_____

Juror_____


Juror_____

Juror_____

Juror_____

Juror_____

UNITED STATES DISTRICT COURT

NORTHERN DIVISION OF IOWA

CENTRAL DIVISION

_____

KATHRYN G. BUNDA                    )        NO. C03-3102-MWB


              Plaintiff,             )


vs.                                  )

                                              **PLAINTIFF'S PROPOSED**

JOHN E. POTTER, Individually and in his   )   **VERDICT FORM**
official Position as Postmaster General;

                                     )

              Defendants.

_____

On the claim of Plaintiff, Kathryn G. Bunda, we, the Jury, find as follows:

| **SEXUAL HARASSMENT** | | | |
|---|---|---|---|
| **Step 1:** **Liability** | On Ms. Bunda's claim of "sexual harassment," as explained in Final Jury Instruction No. ____, in whose favor do you find? | _____  _____ | Kathryn G. Bunda  United States Postal Service |

| **Step 2 Damages** | If you found in favor of Ms. Bunda on this claim, what amount of damages, if any do you award for the following items, as damages are explained in Final Jury Instructions Nos. __ and ____ | Past Emotional Distress | $_____ |
| | | Wages Lost | $_____ |
| **Step 3** | Punitive damages (Please see Final Instruction No. _____) What amount, if any, do you award for sexual harassment? | | $_____ |
| | What amount, if any, do you award for retaliation? | | $_____ |

_____
Foreperson


_____                    _____
Juror                                                                                  Juror


_____                    _____

Juror

Juror

_____

Juror

Juror

_____

Juror

Juror